# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF RHODE ISLAND

AVCO CORPORATION,

    *Plaintiff*,

v.                            C.A. No. _____

QUALITY ALUMINUM FORGE, LLC,

    *Defendant*.

## COMPLAINT

Plaintiff, Avco Corporation, by and through its undersigned counsel, sues Defendant, Quality Aluminum Forge, LLC and states as follows:

## PARTIES

1. Avco Corporation is a Delaware corporation with its principal place of business located in Providence, Rhode Island. Lycoming Engines is a business unit of Avco Corporation. Avco Corporation and its business unit Lycoming Engines are collectively referred to herein as "Lycoming".

2. Upon information and belief, Quality Aluminum Forge, LLC ("QAF") is an Ohio corporation with its principal place of business located in Orange, California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, in that Lycoming does not share common state citizenship with QAF and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4. Jurisdiction is proper in this Court because the contract at issue between Lycoming and QAF, and in particular the part thereof entitled "General Terms and Conditions for Purchase Orders", contains a forum selection clause whereby Lycoming and QAF agree that any litigation involving a dispute under the contract shall be brought in a Rhode Island court of competent jurisdiction.

5. Venue lies in this District under 28 U.S.C. § 1391(b) in that Lycoming has its principal place of business in Providence, Rhode Island.

## STATEMENT OF FACTS

6. Lycoming is in the business of manufacturing engines for general aviation, and has been manufacturing aircraft engines since 1929.

7. Upon information and belief, QAF is in the business of manufacturing precision aluminum forgings and finished material components and assemblies for use in the aerospace industry.

8. Since approximately June 2016, QAF has manufactured piston forgings for Lycoming for installation in Lycoming aircraft engines (the "Forgings").

9. QAF agreed to manufacture the Forgings in accordance with Lycoming Drawing Nos. F14D28900, F14D28901, F14E28902, F14D28903, F14D28904, F14B28905, and F14B28906 (collectively, the "Drawings").

10. The Drawings provide, in part, certain specifications that the Forgings are required to meet, including, in particular, material specification LPS-619 (the "Specification").

11. QAF agreed to manufacture the Forgings in accordance with, *inter alia*, the Specification.

12. Lycoming issues purchase orders to QAF for the Forgings (the "Lycoming/QAF Purchase Orders").

13. The Lycoming/QAF Purchase Orders expressly incorporate the Lycoming Engines General Terms and Conditions for Purchase Orders ("Terms and Conditions") and Lycoming SQA-2000 Supplier Quality Assurance Manual ("SQA-2000").

14. The Drawings, Lycoming/QAF Purchase Orders, Terms and Conditions, and SQA-2000 (collectively, the "Contract"), govern the relationship between Lycoming and QAF as relates to the Forgings.

15. Pursuant to the Contract, QAF agreed to provide Lycoming with Forgings in accordance with the Contract, including, in particular, Forgings that met the Specification.

16. During inspections in 2017, Lycoming determined that certain of the Forgings failed to meet the Specification (the "Non-Conforming Forgings").

17. As a result of QAF's delivery of the Non-Conforming Forgings, Lycoming was required to initiate an internal work-stoppage and investigation into the safety and durability of the Non-Conforming Forgings.

18. Additionally as a result of QAF's delivery of the Non-Conforming Forgings, Lycoming was required to initiate a distributor level recall of the Non-Conforming Forgings.

19. Additionally as a result of QAF's delivery of the Non-Conforming Forgings, Lycoming was required to advise the Federal Aviation Administration of the Non-Conforming Forgings.

20. Lycoming has incurred substantial costs and expenses associated with QAF's delivery of the Non-Conforming Forgings.

## COUNT I
## BREACH OF CONTRACT

21. Lycoming incorporates Paragraphs 1 through 20 above as if fully set forth herein.

22. The Contract is a valid, enforceable, and binding contract between Lycoming and QAF.

23. QAF breached the Contract by, *inter alia*, delivering to Lycoming the Non-Conforming Forgings.

24. As a result of QAF's breach of contract, Lycoming has been damaged in an amount to be determined at trial.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25. Lycoming incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. The Contract between Lycoming and QAF is governed by Rhode Island law and therefore contains an implied covenant of good faith and fair dealing.

27. QAF breached the implied covenant of good faith and fair dealing by, *inter alia*, warranting to Lycoming that the Forgings met the standards contained within the Contract, including but not limited to the Specification, when QAF knew or should reasonably have known that they did not.

28. By failing to perform its obligations under the Contract in good faith, and by arbitrarily and unreasonably warranting to Lycoming that the Forgings met the standards contained within the Contract, QAF deprived Lycoming of the benefit of the parties' bargain and breached the implied covenant of good faith and fair dealing.

29. As a result of QAF's breach of the implied covenant of good faith and fair dealing, Lycoming has been damaged in an amount to be determined at trial.

## COUNT III
## BREACH OF EXPRESS WARRANTY

30. Lycoming incorporates Paragraphs 1 through 29 above as if fully set forth herein.

31. The Contract between Lycoming and QAF contains an express warranty in Paragraph 9 of the Terms and Conditions whereby QAF warrants to Lycoming that the Forgings "shall strictly conform to the specifications, drawings, samples, symbols or other descriptions specified by [Lycoming]" (the "Express Warranty").

32. QAF breached the Express Warranty by providing Lycoming the Non-Conforming Forgings that failed to comply with the Specification.

33. As a result of QAF's breach of the Express Warranty, Lycoming has been damaged in an amount to be determined at trial.

## COUNT IV
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

34. Lycoming incorporates Paragraphs 1 through 33 above as if fully set forth herein.

35. QAF is a merchant as that term is defined in Title 6A of the Rhode Island Uniform Commercial Code ("UCC").

36. The Forgings are "goods" as that term is defined in the UCC.

37. QAF, as a merchant, provided an implied warranty of merchantability to Lycoming with respect to the Forgings.

38. QAF breached the implied warranty of merchantability when it provided Non-Conforming Forgings to Lycoming that were not merchantable at the time the Forgings were sold.

39. On or about November 8, 2017, Lycoming notified QAF of its breach of its warranties.

40. As a result of QAF's breach of the implied warranty of merchantability, Lycoming has been damaged in an amount to be determined at trial.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY
## OF FITNESS FOR A PARTICULAR PURPOSE

41. Lycoming incorporates Paragraphs 1 through 40 above as if fully set forth herein.

42. QAF regularly manufactures parts for the aerospace industry and for aircraft engines.

43. Pursuant to the Contract, QAF knew the purpose and use of the Forgings and was thereby required to use its skill or judgment to furnish Forgings suitable for their particular purpose.

44. Lycoming relied on QAF's skill or judgment to provide Forgings in conformance with the Contract, and suitable for use in aircraft engines.

45. Consequently, QAF provided an implied warranty of fitness for a particular purpose when it sold the Forgings to Lycoming.

46. QAF breached the implied warranty of fitness for a particular purpose by supplying the Non-Conforming Forgings.

47. As a result of QAF's breach of implied warranty of fitness for a particular purpose, Lycoming has been damaged in an amount to be determined at trial.

WHEREFORE, Lycoming respectfully requests that this Court grant judgment in its favor and against QAF as follows:

    a. For damages, in an amount to be determined at trial, for QAF's breach of contract, breach of the implied covenant of good faith and fair dealing, breach of express

warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose;

      b.      For prejudgment interest;

      c.      For the costs and attorneys' fees reasonably incurred by Lycoming in this action; and

      d.      For such other relief as this Court deems just and proper.

Date: October 19, 2018

RESPECTFULLY SUBMITTED,

AVCO CORPORATION,

By its Attorneys,

/s/ R. Bart Totten
R. Bart Totten [No. 5095]
Joshua S. Parks [No. 9782]
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
btotten@apslaw.com
jparks@apslaw.com